UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FEIGE ZARETSKY,

               Appellant-Debtor,

    -against-

MICHAEL J. MACCO, ESQ.,
*Chapter 13 Trustee*

               Appellee.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
14-cv-6808 (JMA)

**AZRACK, United States District Judge:**

    Appellant Feige Zaretsky appeals the order of the Bankruptcy Court (Grossman, J.) dismissing her Chapter 13 bankruptcy petition. The Bankruptcy Court dismissed Zaretsky's petition because her unsecured debts, which include a $1.2 million state court defamation judgment against her and her father, exceeded the unsecured debt limit for Chapter 13 filings. See 11 U.S.C. § 109(e) (excluding debtors with more than $383,175 in "noncontingent, liquidated, unsecured debts" from proceeding under Chapter 13). For the reasons stated below, the Bankruptcy Court's order is AFFIRMED.

    Although Zaretsky has filed an appellate brief, appellee Michael J. Macco, the trustee whose motion to dismiss precipitated the Bankruptcy Court's dismissal of Zaretsky's petition, has not filed a brief in this Court. Nevertheless, this appeal is ripe for decision.

    On appeal, Zaretsky argues—as she did below—that the state court defamation judgment is not enforceable for purposes of the § 109(e) debt threshold because Zaretsky's appeal of the state court judgment was stayed when her father filed bankruptcy. Zaretsky maintains that, therefore, the Bankruptcy Court should not have considered the state court judgment in determining whether Zaretsky exceeded the unsecured debt limit. The Court assumes that this

1

question is reviewed <u>de novo</u>. For the reasons stated in the Bankruptcy Court's November 10, 2014 order, the Court agrees that the defamation judgment was enforceable under 11 U.S.C. § 109(e) and was, therefore, appropriately included in the debt limit calculation.[1]

In the Trustee's motion to dismiss, he also argued that dismissal was appropriate because Zaretsky failed to provide him with certain required documents. On appeal, Zaretsky maintains that she cured the alleged deficiencies. It is unnecessary to decide this question because even if Zaretsky did correct the alleged errors, dismissal was still warranted because she exceeded the unsecured debt limit.

Finally, Zaretsky argues that the state court judgment is unenforceable for purposes of § 109(e) because the judgment was procured by fraud. The Court declines to consider this argument because Zaretsky did not raise it below.

Zaretsky contends that the Court should permit her to raise this issue for the first time on appeal because the Bankruptcy Court refused her request for an extension of time to file her opposition brief and, thus, did not give her sufficient time to research and prepare her opposition. Zaretsky received the Trustee's motion to dismiss on August 17, 2014 and had until September 1, 2014 to file her opposition. On August 25, 2015, Zaretsky asked the Bankruptcy Court for an additional month to respond to the motion to dismiss. The Bankruptcy Court did not rule on her request, and she filed her opposition papers on September 2, 2014.

A bankruptcy court's denial of a request for extension of time to file an opposition brief is reviewed for abuse of discretion. <u>In re Shop Television Network, Inc.</u>, 79 F.3d 1154 (9th Cir. 1996). Even considering the fact that Zaretsky is deaf and had other litigation on her plate, the

---

[1] The Bankruptcy Court initially dismissed Zaretsky's petition in a brief order dated September 22, 2014. On the same day that Zaretsky appealed that order, she also filed a motion for reconsideration. The Bankruptcy Court denied the reconsideration motion in its November 10, 2014 order, which explained the basis for the original dismissal. Zaretsky did not appeal the November 10, 2014 order.

Bankruptcy Court did not abuse its discretion in refusing to grant Zaretsky's request for an extension of time.

Furthermore, contrary to Zaretsky's contention, her complete failure to even mention the fraudulent procurement argument in her opposition brief cannot be attributed to the Bankruptcy Court's refusal to grant the requested extension. At the time, Zaretsky was already aware of a potential fraudulent procurement argument. This was not some obscure and hidden issue—Zaretsky and her father have been litigating this issue in both Bankruptcy Court and state court for years. See Zaretsky v. Berlin, No. 17869-08, 2011 WL 3983180 (N.Y. Sup. Ct., Nassau Cnty. Aug. 25, 2011); see also In re Berlin, 513 B.R. 430, 434 n.2 (Bankr. E.D.N.Y. 2014). Although Zaretsky wanted additional time to draft her brief and conduct research, she still could have easily raised this argument, in some fashion, in her opposition to the motion to dismiss. She did not.[2] Accordingly, the Court declines to consider this argument on appeal.

For the reasons stated above, the Bankruptcy Court's order dismissing Zaretsky's Chapter 13 petition is AFFIRMED.

The Clerk of Court is directed to mail a copy of this Order to pro se appellant.

**SO ORDERED.**

_____/s/_____
Joan M. Azrack
United States District Judge

Date: September 30, 2015
Central Islip, New York

---

[2] Notably, Zaretsky's appellate brief suggests that her decision not to raise the fraudulent procurement argument in the Bankruptcy Court was influenced by the fact that Judge Grossman had already rejected a similar argument in her father's bankruptcy proceeding. (Appellant's Br. at 25, ECF No. 8.) Of course, that does not excuse Zaretsky's failure to raise the fraudulent procurement argument, in the first instance, in her own bankruptcy proceeding before Judge Grossman.

3